IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LONNIE SURF MOORE**                                                                                   **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:22-cv-00475-CWR-LGI**

**STANLEY MOORE**                                                                                     **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the *sua sponte* Motion to Dismiss the Complaint [1] for lack of federal jurisdiction. On August 15, 2022, Lonnie Surf Moore ("Plaintiff" or "Moore") filed his Complaint against Defendant Stanley Moore ("Defendant"), along with a motion seeking leave to proceed *in forma pauperis*. *See* Docs. [1] and [2]. On September 30, 2022, this Court granted Plaintiff's motion to proceed in forma pauperis. *See* Order, Doc. [3]. A thorough review of Plaintiff's Complaint reveals that Moore has failed to establish that subject matter jurisdiction exists; further, Moore's Complaint is frivolous and fails to state a claim on which relief may be granted. Therefore, this Court recommends dismissal of the Complaint.

In the instant Complaint, Moore raises a breach of contract claim against a non-resident Defendant, and he seeks an injunction. Plaintiff alleges that the Defendant is in violation of the "Seventh Amendment [] preservation clause[,] where the value exceed[s] 20 dollars, [and this entitles him] the right of trial." Doc. [1] at 2. Moore alleges that he and the Defendant entered into a verbal agreement, requiring the Defendant to execute an "affidavit without a will" upon the death of the owner of the subject Ford F-150[1]. *Id*. Moore submits that he and the Defendant agreed to

---

[1] Plaintiff attached to his Complaint a copy of the subject "Mississippi Affidavit When Owner Dies Without a Will," indicating that Emma Moore died on March 2, 2018, and she was the sole owner of the Ford F-150. *See* Doc. [1] at 11.

trade two vehicles – Defendant's 2010 Mercury sedan for the Ford F150 – once the truck's owner died. *Id*. Moore states the Defendant informed him that he "need[ed] to talk to [a] lawyer [before] signing [the] 'affidavit without a will', and [when the Defendant sent a text message with] address . . . [this] conduct impli[ed] the agreement of signing." *Id*. Moore alleges the "Defendant is delaying signing [the] Affidavit." *Id*. Plaintiff "seek[s] injunction for Stanley Moore to sign [the] 'affidavit without a will' for the [Ford F-150] truck." *Id*.

"[F]ederal courts are courts of limited jurisdiction," and an initial review of Moore's submissions raises concerns as to whether jurisdiction exists in this court. *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). From the face of the Complaint, no subject matter jurisdiction exists, as Plaintiff has failed to demonstrate that either diversity jurisdiction or federal question jurisdiction is present.

First, diversity jurisdiction is not present. Pursuant to 28 U.S.C § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between….citizens of different States…." 28 U.S.C § 1332(a)(1). Plaintiff alleges that the instant dispute is between citizens of different states. However, Plaintiff's Complaint fails to meet the amount in controversy set forth in 28 U.S.C.A. § 1332(a)(1), as Plaintiff asserts the value of the vehicles at issue totals $15,000. *See* Doc. [2]. Because Plaintiff's Complaint fails to demonstrate both complete diversity of citizenship and the requisite amount in controversy, this Court has no diversity jurisdiction over this action.

Second, federal question jurisdiction is not present. Before federal question jurisdiction can attach, the cause of action must "arise under" federal law. 28 USC § 1331. Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Here, Plaintiff complains of Defendant's failure to execute an "affidavit without a will" upon the death of the owner of a Ford F-150 and cites to the Seventh Amendment to the U.S. Constitution (which preserves the right to jury trial) as the basis for seeking redress in federal court. Simply put, Plaintiff's own statements related to his cause of action fail to demonstrate that his claim is rooted in federal law, and citation to an inapplicable amendment to the Constitution does not remedy his failure. Because Plaintiff's claim does not arise under federal law, this Court has no federal question jurisdiction over this action.

Even if Moore's Complaint is sufficient to establish subject matter jurisdiction, he has failed to meet the requisite requirements to proceed further. In an IFP case, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Here, both the first and second conditions are satisfied, as Moore's claims are legally frivolous, and he fails to state a claim on which relief may be granted.

(i) Frivolous or malicious

First, Moore requests an injunction, seeking to enforce an unenforceable agreement that he unilaterally believes to be a contract between himself and the Defendant. Through Moore's own admission, the Defendant never reached an agreement regarding the exchange of the vehicles, as he verbally declined Moore's proposal, informing Moore that he would not sign the affidavit without first consulting legal counsel. *See* Doc. [1]. Further, Moore's Complaint is based wholly on the fact that the Defendant has not executed the affidavit, which Moore himself recognizes as

a necessary condition to enforce the "contract." *Id*. Essentially, Moore is demanding this Court assist him in his attempt to gain control over the Defendant and a vehicle that he desires. Such relief is inappropriate and constitutes a legally frivolous claim under 28 U.S.C. § 1915(e)(2)(B).

    (ii)    Fails to state a claim on which relief may be granted

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted). Even if Moore's Complaint is sufficient to establish subject matter jurisdiction, his Complaint fails to state a claim upon which relief may be granted.

Liberally construing the Complaint, the Court finds that it does not state a claim upon which relief may be granted. Moore has failed to present facts, which, even if taken as true, would indicate that a violation of law had occurred, entitling him to relief in federal court. Moore's claims are not justiciable. Conclusory allegations such as those set forth in Plaintiff's Complaint are insufficient to survive a motion to dismiss for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." (emphasis added)); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

    1. Plaintiff's Complaint [1] be DISMISSED without prejudice.

2. Plaintiff be given an opportunity to refile his complaint with appropriate claims that likewise establish the existence of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 30th day of September, 2022.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE